Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
FELIPE MAGALLON

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIPE MAGALLON ) | Case No. 3:17-cv-02135-L-BGS |
| ) | |
| Plaintiff, ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| vs. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A. ) | |
| ) | |
| Defendants. ) | **[DEMAND FOR JURY TRIAL]** |
| ) | |

Plaintiff FELIPE MAGALLON alleges as follows:

## INTRODUCTION

1.  Plaintiff, FELIPE MAGALLON (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendant JPMORGAN CHASE BANK, N.A. (hereinafter "Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA"), and intrusion upon seclusion.

2.  Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4. Plaintiff is a "person" as defined under the TCPA and a "debtor" as defined under the Rosenthal FDCPA.

5. Plaintiff is informed and believes that Defendant is and at all times mentioned herein was, a business entity, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant is a debt collector as defined under the Rosenthal FDCPA and was collecting a debt as defined under the Rosenthal FDCPA.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  This court also has jurisdiction under 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

8. This action arises out of violations of the TCPA and the Rosenthal FDCPA.  Because Defendant does business within the State of California, county of San Diego, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

10. Upon information and belief, sometime in or before April 2016, Defendant began making collection calls to Plaintiff's cellular telephone, attempting to collect a debt allegedly owed to them.

11. Defendant placed calls to Plaintiff's cellular telephone at phone number ending in "7420."

12. On or about April 11, 2016 at around 8:53 a.m. Pacific Standard Time, Defendant called Plaintiff's cellular telephone.  After Plaintiff answered the call, he

spoke with a representative who identified himself as "Ismael." In the course of the telephone phone call, Plaintiff requested that Defendant ceases placing collections calls to his cellular phone.

13. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant or anyone on its behalf, in the course of the call on or about April 11, 2016.

14. Despite Plaintiff's request for Defendant to cease calling his cellular telephone, Defendant continued to place numerous collection calls to Plaintiff's cellular telephone at phone number ending in "7420" via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant's telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

16. Defendant placed calls to Plaintiff's cellular telephone using the telephone numbers including but not limited to: (847) 426-9203, (847) 426-9209, (407) 732-2415, and (210) 520-0004.

17. At no time after April 11, 2016, did Plaintiff consent, express or implied, to receive such collection calls from anyone regarding the account.

18. Upon information and belief, the ATDS used by Defendant to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Upon information and believe, Defendant placed approximately 181 or more telephone calls to Plaintiff's cellular phone via an ATDS or with an artificial or prerecorded voice after he had revoked his consent. Additionally, Defendant would leave blank voicemails. These calls took place between April 11, 2016 and October 28, 2016.

20. Defendant's telephone calls to Plaintiff's cellular telephone caused

Plaintiff stress, annoyance, and anxiety, especially because these calls were placed on his cellular telephone.

21. By repeatedly and excessively calling his cellular telephone, after Plaintiff told Defendant not to, Defendant invaded Plaintiff's right to privacy.

### FIRST CAUSE OF ACTION
**(Negligent Violations of the TCPA against all Defendants)**

22. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

23. The forgoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

24. As a result of Defendant's telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

25. As a result of Defendant's negligent violations of 47 U.S.C. section 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

26. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
**(Knowing and/or Willful Violations of the TCPA against all Defendants)**

27. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

28. The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

29. As a result of Defendant's telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

30. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

31. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
**(Invasion of Privacy by Intrusion Upon Seclusion against all Defendants)**

32. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

33. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated California state law. *See Romero v. Department Stores National Bank*, 2018 WL 1079728 at *2 (9th Cir. 2018)

35. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with approximately 181 telephone calls. *Romero,* 2018 WL 1079728 at *2.

36. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy. *Romero,* 2018 WL 1079728 at *2.

37. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person. *Romero,* 2018 WL 1079728 at *2.

38. As a result of Defendant's intrusions and invasions, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, the exact amount of which is to be proven at trial.

39. Defendant's harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant punitive damages as permitted by California law.

## FOURTH CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against all Defendants)

40. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

41. Civil Code section 1788.17 incorporates the Federal Debt Collection Practices Act ("FDCPA"). As such, any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA.

### COUNT 1

42. Defendant violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692d and 1692d(5). Defendants violated 15 U.S.C. sections 1692d and 1692d(5) because it contacted Plaintiff by telephone numerous times in an attempt to collect a debt. Defendants' act in calling Plaintiff's cellular telephone approximately 181 times, sometimes calling him 4 times per day, and leaving numerous blank voicemails, was harassing and caused Plaintiff annoyance and abuse.

### COUNT 2

43. Defendant violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(d) because it repeatedly and/or continuously contacted Plaintiff in an attempt to collect a debt. Specifically, Defendant called Plaintiff's cellular telephone approximately 181 times, somtimes calling him 4 times a day, and

leaving blank voicemails.

## COUNT 3

44. Defendant violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(e) because it communicated with Plaintiff by telephone with such frequency as to be unreasonable and to constitute harassment. Specifically, Defendant called Plaintiff approximately 181, sometimes calling him 4 times per day and leaving blank voicemails.

45. As a result of each and every violation of the Rosenthal FDCPA as indicated in Counts 1 through 3, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

46. As a result of each and every violation of the Rosenthal FDCPA, as indicated in Counts 1 through 3, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For injunctive relief prohibiting such conduct in the future;
4. For interest according to law;
5. For attorneys' fees;
6. For costs of suit herein incurred; and
7. For other and further relief as the court may deem proper.

| | | |
|---|---|---|
| DATED: April 3, 2018 | | **MASHIRI LAW FIRM** <br> A Professional Corporation <br><br> By: /s/Alex Asil Mashiri <br> Alex Asil Mashiri <br> Attorney for Plaintiff, <br> FELIPE MAGALLON |

**MASHIRI LAW FIRM**
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939